IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EMILY EGBERT and JERAD EGBERT, individually and as guardians for J.E., a minor,<br><br>      Plaintiffs,<br><br><br><br><br>      vs.<br><br><br><br>NISSAN NORTH AMERICA, INC.; NISSAN MOTOR CO., LTD.; and CENTRAL GLASS CO., LTD.,<br><br>      Defendants. | ORDER (1) DENYING MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION (2) DENYING REQUEST TO REINTERPRET FMVSS 205<br><br><br><br><br><br>Case No. 2:04-CV-00551 PGC |

This case involves an allegation of defective glass in a Nissan automobile.  Prior familiarity with the court's other orders is assumed.

**I.      The Court Will Not Grant Leave to File a Second Summary Judgment Motion.**

On May 1, 2006 — more than eight months after the already-extended dispositive motions deadline[1] — Nissan filed a motion seeking leave to file a second summary judgment motion.  In support of this motion, Nissan cites an April 25, 2006, order from a similar case in

---

[1]*See* Docket No. 84.

the United States District Court for the Northern District of Texas.  There, the court granted

summary judgment in favor of an automaker on the theory that Federal Motor Vehicle Safety

Standard 205 preempted Texas tort law.  Nissan argues, based on this case, that FMVSS 205 also

preempts Utah tort law, and asks this court to sua sponte dismiss the Egberts' claims.

The court DENIES Nissan's motion for leave to file a second summary judgment motion

at this late stage.  The recent Texas preemption decision was based on an extension of the

Supreme Court's holding in *Geier v. American Honda Motor Co.*,[2] a case from 2000.  When

Nissan filed its first summary judgment motion in August 2005, *Geier*'s doctrine was five years

old.  Nissan easily could have incorporated *Geier* and the defense of federal preemption into its

first summary judgment motion, but failed to do so. That the defense lawyers in Texas convinced

a district court to accept its position does not create any new reason for taking this issue up.

As noted, the current motion was filed eight months after the dispositive motions

deadline.  And the trial was set to begin in this case nearly two weeks ago (it was continued due

to a last-minute medical emergency of plaintiff's expert witness) without any mention of a

federal preemption defense in a pretrial order or Nissan's proposed jury instructions.

In reviewing a case similar to this, the United States Court of Appeals for the Fifth

Circuit held:

> The district court has broad discretion in controlling its own docket.  This
> includes the ambit of scheduling orders and the like.  Thus, a court's refusal to
> allow the filing of a substantive motion on the eve of trial three months after the
> expiration of a deadline (especially where no extension has been sought) should
> normally be deemed well within the court's discretion. In other words, a district

---

[2]529 U.S. 861 (2000).

court seldom would be obliged to interrupt the orderly proceedings of its docket to rule on so critical an issue where the same easily could have been presented at an earlier date.[3]

The Fifth Circuit's reasoning applies with equal force here, particularly where Nissan has not given any convincing reason why it failed to present this issue earlier and in accordance with a long-established schedule.

## II.      The Court Has Already Interpreted FMVSS 205.

Just as Nissan seeks another chance to dispose of this case before trial, the Egberts ask the court to once again interpret FMVSS 205, the federal standard that governs automobile glass. The court ruled from the bench on this issue during the February 22, 2006, hearing, and followed that oral ruling with a written decision on March 1, 2006.[4]

Since that ruling, the Egberts have twice filed additional material with the court describing at length their position as to how FVMSS 205 should operate or how this court should interpret it.[5]  Both filings advocate positions directly contrary to the court's earlier holding — that Nissan complied with FMVSS 205 and therefore triggered the rebuttable presumption of nondefectiveness in Utah Code Ann. § 78-15-6(3).

The court again rejects the Egberts' invitation to reinterpret FMVSS 205.  The court directs the parties to Docket 215 for its earlier holding on this issue.  And the record is clear that

---

[3]*Edwards v. Cass County*, 919 F.2d 273, 275–76 (5th Cir. 1990).

[4]Docket No. 215, at 14.

[5]*See* Docket No. 247; Docket No. 274.

the Egberts object to the interpretation set forth in Docket 215.  Any further objections to this

issue should be raised on any appeal and not in this court.

CONCLUSION

The court DENIES Nissan's motion for leave to file a second summary judgment motion

(# 273) and rejects the Egberts' invitation to reinterpret FMVSS 205 (# 274).  The court will

issue its certification order shortly.

SO ORDERED.

DATED this 8th day of May, 2006.

BY THE COURT:

_____

Paul G. Cassell
United States District Judge